[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14060-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEAL CHRISTOPHER GAUGHRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2011)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

In appealing his prison sentence of 210 months imposed following a plea of

guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2),

appellant raises one issue: whether the district court, in determining the Guidelines sentencing range, erred in enhancing the base offense level (for the offense) by five levels, pursuant to U.S.S.G. § 2G2.2(b)(3)(B), for distribution with the expectation of receipt of a "thing of value" based on his alleged use of peer-to-peer file-sharing software. We resolve the issue against appellant and therefore affirm.

We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). "For a factual finding to be clearly erroneous, [we], after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotations omitted).

The base offense level of a § 2252(a)(2) offense is enhanced by five levels under § 2G2.2(b)(3)(B) if the offense involved the "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain . . . ." U.S.S.G. § 2G2.2(b)(3)(B). Child pornography can constitute a "thing of value" for purposes of the enhancement. U.S.S.G. § 2G2.2, comment. (n.1). "Distribution" is defined as including "posting material involving the sexual

2

exploitation of a minor . . . for public viewing but does not include the mere solicitation of such material by a defendant." *Id.* When a defendant distributes child pornography with the expectation that he will receive other child pornography in exchange, the district court may properly apply this enhancement. *Bender*, 290 F.3d at 1286.

Appellant has not shown that the district court clearly erred in applying the § 2G2.2(b)(3)(B) enhancement. We are not left with the "definite and firm" conviction that the court made a mistake because it could reasonably find on the record before it that appellant was aware of the nature of his file-sharing program and had the expectation of receiving additional child pornography in exchange with those who accessed his shared folder.

AFFIRMED.